UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUENTIN LA GRANDE,

                    **Plaintiff,**

          v.                              1:06-CV-467
                                             (FJS/DRH)
DECRESCENTE DISTRIBUTING
CO, INC.,

                    **Defendant.**
_____

**APPEARANCES**                                   **OF COUNSEL**

**QUENTIN LA GRANDE**
Albany, New York 12210
Plaintiff *pro se*

**GIRVIN & FERLAZZO, P.C.**                **CHRISTOPHER P. LANGLOIS, ESQ.**
20 Corporate Woods Boulevard
2nd Floor
Albany, New York 12211-2350
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      Currently before the Court are the following motions: (1) Plaintiff's motion for an extension of time in which to file a reply memorandum in further support of his motion for reconsideration; (2) Plaintiff's motion for reconsideration of this Court's June 9, 2008 Memorandum-Decision and Order dismissing his amended complaint; (3) Plaintiff's motion for appointment of counsel; and (4) Defendant's motion for attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).

## II. BACKGROUND

Plaintiff commenced this action on April 14, 2006, asserting claims of unlawful sex discrimination, racial discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. *See* Dkt. No. 1.

In a Memorandum-Decision and Order dated June 19, 2006, the Court directed Plaintiff to file an amended complaint within thirty days to remedy various pleading deficiencies. *See* Dkt. No. 3. In compliance with that Order, Plaintiff filed an amended complaint on July 17, 2006. *See* Dkt. No. 4. In a Memorandum-Decision and Order dated December 6, 2006, the Court deemed the amended complaint acceptable except for the lack of a statement of relief and directed Plaintiff to file such a statement within thirty days. *See* Dkt. No. 6. On December 14, 2006, Plaintiff filed a separate statement of relief. *See* Dkt. No. 7.

In his amended complaint, Plaintiff alleged that, while in Defendant's employ, he "was subjected to sexual harassment, racial harassment; and also retaliated against by the owners [of Defendant]." *See* Amended Complaint at 1. Plaintiff also claimed that he was "subjected to a hostile working environment" and that Defendant allowed his working environment to become abusive, hostile and filled with discriminatory intimidation. *See id.*

On February 20, 2007, Defendant filed a motion to dismiss. *See* Dkt. No. 14. Plaintiff requested an extension of time in which to respond to the motion, *see* Dkt. No. 15, which this Court granted, *see* Text Order dated March 9, 2007. Subsequently, Plaintiff submitted a letter to the Court, which the Court rejected, noting that "[a]ny relief requested must be in the form of a motion that complies with Local Rule 7.1 (copy enclosed)." *See* Dkt. No. 16. The Court also reminded Plaintiff that he had "a deadline of April 13, 2007 to respond to the Defendant's

pending motion to dismiss. ***Failure to respond may result in the dismissal of this action***." *See id.* (emphasis added).

Approximately one month later, Plaintiff submitted another letter to the Court, which the Court also rejected. *See* Dkt. No. 17. Once again, the Court advised Plaintiff that the Court was returning his letter motion to him because it failed to comply with Local Rule 7.1. *See id.* The Court also advised Plaintiff that it would not grant him a stay of this action unless he retained an attorney and that attorney requested such a stay. *See id.* Finally, the Court instructed Plaintiff that he had to "file a response to the defendant's motion to dismiss on or before May 11, 2007. ***Your failure to file such a response may result in dismissal of this action. No further adjournments of this response deadline will be granted***." *See id.* (emphasis added). Finally, on May 15, 2007, the Court denied Plaintiff's motion for a ninety-day "emergency stay." *See* Dkt. No. 19.

Despite being granted two extensions of time in which to file a response to Defendant's motion to dismiss and being warned on two occasions that his failure to file such a response could result in the dismissal of this action, Plaintiff never filed any papers in opposition to Defendant's motion.

On June 9, 2008, the Court issued a Memorandum-Decision and Order in which it granted Defendant's motion to dismiss Plaintiff's amended complaint. *See* Dkt. No. 20. With respect to Plaintiff's sex-based hostile work environment claim, the Court found that Plaintiff had not alleged that Mr. Schrader, Defendant's District Manager, solicited sex from him nor had he alleged that Mr. Schrader displayed a general hostility to males in the workplace. *See id.* at 7. Furthermore, the Court found that Plaintiff's assertion that a female customer complained about

Mr. Schrader looking at her in a sexual manner defeated any claim that Mr. Schrader treated women differently than men. *See id.* at 8. Therefore, the Court concluded that, "even accepting as true Plaintiff's allegations, and drawing all reasonable inferences from those allegations, it is clear that, as a matter of law, Plaintiff cannot maintain his sex-based hostile work environment claim." *See id.*

With respect to Plaintiff's race-based hostile work environment claim, the Court found that the two incidents on which Plaintiff relied to support his claim were insufficient because those incidents involved two different people and occurred more than seven months apart. *See id.* The Court explained that, at best, these were isolated incidents "from which no reasonable trier of fact could conclude that the harassment was pervasive or severe." *See id.*

With respect to Plaintiff's disparate treatment claim, the Court found that

> Plaintiff's amended complaint contain[ed] one allegation that could be interpreted as a claim that Defendant treated him differently because of his race; on April 13, 2004, Don Miller and Jim Izzo provided merchandizing training for only the white workers, and Plaintiff was not allowed to attend even though it was part of his job.

*See id.* at 9 (citing Amended Complaint at ¶ 6).

For purposes of the motion, the Court assumed that Plaintiff was a member of a protected class and that he was qualified to perform the duties of his job. *See id.* Nonetheless, the Court found that his claim still failed "because there [was] nothing in his amended complaint from which a trier of fact could infer that he suffered an adverse employment action." *See id.* The Court explained further that, although Plaintiff alleged that Defendant did not allow him to attend one meeting, he did not "assert that his failure to attend that meeting harmed him in any way. In

other words he [did] not indicate, nor [could] the Court draw an inference from his allegation, that his inability to attend the meeting had any adverse effect on his job responsibilities or on his ability to continue to pursue his career." *See id.* at 9-10.

Finally, with respect to Plaintiff's retaliation claim, the Court acknowledged that

> [t]o establish that complaints are "protected activity," a plaintiff "is not required to establish that the conduct complained of actually amounted to a violation of Title VII." *Drummond v. IPS Int'l, Inc.*, 400 F. Supp. 2d 521, 534 (E.D.N.Y. 2005). Instead, a plaintiff "'need only demonstrate that []he had a "good faith, reasonable belief that the underlying challenged actions of the employer violated the law."'" *Id.* (quotation omitted). Although "it is possible for an employee reasonably to believe that specified conduct amounts to harassment, even if that conduct would not actually qualify as harassment under the law[,] . . . [t]he Court must assess the reasonableness of the plaintiff's belief in light of the totality of the circumstances." *Id.* (citation omitted).

*See id.* at 10-11.

Applying these principles to Plaintiff's claims, the Court concluded that, "because Plaintiff could not have reasonably believed that his employer's conduct violated Title VII, his complaints about [these] actions do not constitute protected activity." *See id.* at 11. Therefore, the Court granted Defendant's motion to dismiss Plaintiff's retaliation claims. *See id.*

Although Plaintiff did not file his motions until after Defendant filed its motion for attorney's fees, the Court will address Plaintiff's motions first.

### III. DISCUSSION

**A.    Plaintiff's motion for an extension of time in which to file a reply memorandum in further support of his motion for reconsideration**

In a letter dated December 30, 2008, which the Court did not receive until January 29,

2009, Plaintiff requested that the Court grant him "additional time to file a Legal Memorandum." *See* Dkt. No. 35. He contended that, although he understood that the Court had stated in its original order that it would not grant any further extension, he had "good cause" for his request. *See id.* In a second letter dated December 30, 2008, which the Court also received on January 29, 2009, Plaintiff requested that the Court "reject all the documents that the Defendants filed on the following dates: July 29, 2008, and August 8, 2008." *See id.* As reason for this request, Plaintiff stated that Defendant never served him with a copy of those documents. *See id.*

Defendant responded to Plaintiff's second letter, explaining that,

> [o]n July 29, 2008, [Defendant's counsel] electronically filed and served papers in opposition to Plaintiff's motion for reconsideration (Dkt. No. 28). A copy of those papers were duly served upon Plaintiff by mail to the 276 Sheridan Avenue, Albany, address listed on the Court's docket as Plaintiff's mailing address, as reflected in the cover letter and Affidavit of Service attached hereto.

*See* Dkt. No. 36.

Defendant explained further that its counsel subsequently "discovered that the copy electronically filed with the Court was incomplete due to a scanning error . . . [and therefore] a replacement copy of the papers were scanned and electronically filed with the Court on August 8, 2008 (Dkt. No. 30)." *See id.* Finally, Defendant asserted that "[t]he replacement copy filed on August 8 consisted of the same papers previously served on Plaintiff by mail on July 29, 2008." *See id.*

Based on its review of the docket and Defendant's credible explanation about what happened, the Court denies Plaintiff's motion to reject the documents that Defendant filed on July 29, 2008, and August 8, 2008.

With respect to Plaintiff's request that the Court grant him additional time to file a reply memorandum in further support of his motion for reconsideration, the Court denies that request for the following reasons. First, although the Court granted a final extension to Plaintiff, requiring him to submit his reply papers on October 24, 2008, Plaintiff did not request an additional extension until more than two months later, in a letter dated December 30, 2008. Furthermore, although Plaintiff states that he has "good cause" for his request, he does not state what that reason is. To the extent that Plaintiff's "good cause" is his allegation that Defendant did not serve him with its papers in opposition to his motion for reconsideration, this statement is belied by the fact that on August 5, 2008, Plaintiff requested leave to file a reply to Defendant's opposition to his motion for reconsideration, which he could not have done had he not received those papers. *See* Dkt. No. 29.

**B.     Plaintiff's motion for reconsideration**

In a letter motion dated July 8, 2008, Plaintiff requested that the Court reconsider its decision to dismiss his amended complaint. *See* Dkt. No. 26.[1] In support of his motion, Plaintiff argued that

> I strongly feel that this case should be heard in a different venue.
> In all due respect I feel, and can prove that the Defendant
> (Decrescente Distributing Co., Inc.) was shown undue favor in this
> matter. This Ruling was unfair, harsh, prejudice [sic]

---

[1] Defendant correctly notes that Plaintiff should have requested permission from Chief Judge Mordue before he filed this motion. *See* Dkt. No. 33, Order dated May 12, 2008, and filed in this action on November 11, 2008, pursuant to the Order of Magistrate Judge Treece filed on November 5, 2008, in Civil Action 00-CV-1195 ("Ordered that, unless he is represented by counsel, La Grande is enjoined from filing any document in this District without prior approval of the Chief Judge . . . ."). Nonetheless, the Court will address the merits of this motion.

> unconstitutional. I would like to be granted additional 30-days to show this Court that its ruling was unfair. I will provide documentation, applicable law, etc.

*See id.*

Rule 60 of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [o]n motion . . ., the court may relieve a party . . . from a final judgment . . . for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Motions for reconsideration are committed to the discretion of the district court." *Minicone v. United States*, No. 5:89-CR-173, 2007 WL 2572119, *1 (N.D.N.Y. Aug. 31, 2007) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)). Furthermore, "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Id.* (citing *United States v. International Brotherhood of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). Finally, a motion for reconsideration "is not a mechanism to allow parties to relitigate contentions and arguments already briefed, considered and decided." *Yankelevitz v. Cornell Univ.*, No. 95 CIV. 4593, 1997 WL 115651, *2 (S.D.N.Y. Mar. 14, 1997) (citation omitted).

Plaintiff does not identify on which of the grounds set forth in Rule 60(b) he is relying;

-8-

however, based on his submission, it appears that the only ground on which he could be relying is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Plaintiff provides no specifics about what the "other reason" for granting his motion could be. Instead, in a conclusory manner, he asserts that the Court showed "undue favor" to Defendant and that the Court's decision was "unfair, harsh, prejudice [sic] [and] unconstitutional." *See* Dkt. No. 26.

Plaintiff's assertions find absolutely no support in the record. As noted above, although the Court provided Plaintiff with two extensions of time in which to file his papers in opposition to Defendant's motion, he failed to do so. Moreover, the Court carefully reviewed and liberally construed Plaintiff's amended complaint, accepted all facts alleged therein as true, and drew all reasonable inferences in his favor. Undoubtedly, the dismissal of his amended complaint was harsh and prejudicial – in the sense that Plaintiff can no longer assert these claims against Defendant – but the Court provided Plaintiff with every opportunity to present his case to the Court and any prejudice he suffered was entirely of his own making. For all of these reasons, the Court concludes that Plaintiff has not pointed to any reason that justifies the relief he seeks. Therefore, the Court denies Plaintiff's motion for reconsideration.

### C.     Plaintiff's motion for appointment of counsel

In light of the fact that the Court has denied Plaintiff's motion for reconsideration of its Order dismissing his amended complaint, the Court denies his motion for appointment of counsel as moot.

**D.     Defendant's motion for attorney's fees pursuant to 42 U.S.C. § 2003-5(k)**

Pursuant to 42 U.S.C. § 2000e-5(k), "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." 42 U.S.C. § 2000e-5(k). Although an award of attorney's fees serves a different purpose depending on whether it is the plaintiff or the defendant that prevails and, therefore, attorney's fees "'are not so readily available to a prevailing defendant,'" *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 420 F. Supp. 2d 131, 134 (W.D.N.Y. 2006) (quotation omitted), "such awards nevertheless serve an important purpose by serving as a deterrent to litigants who bring, or are contemplating bringing, frivolous lawsuits . . . [and] shield defendants from having to endure the burden and cost of defending against such frivolous litigation." *Id.* (citations omitted). Thus, "an award of attorney's fees in favor of a prevailing defendant is appropriate 'only when the plaintiff's "claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it became so."'" *Id.* (quoting *Parker v. Sony Pictures Entertainment, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978))). "'Application of this standard is entrusted to the discretion of the district court . . . .'" *Id.* (quoting *Parker*, 260 F.3d at 111).

Finally, as the court noted in *Murphy*, "[t]he import of *Christiansburg* and its progeny is that 'reasonable attorneys' fees should be awarded to a prevailing defendant in a Title VII action found to have been unreasonable, vexatious, or groundless unless there exist affirmative reasons for not doing so.'" *Id.* at 135 (quoting *Prate v. Freedman*, 583 F.2d 42, 46 (2d Cir. 1978)). Moreover, "[a]lthough a showing [of] bad faith on the part of plaintiff is not a prerequisite to a

-10-

fee award, . . . if bad faith *is* present, 'there will be an even stronger basis' for awarding fees to the defendant. . . ."  *Id.* (internal quotation and other citations omitted).

Although this Court generally is very reluctant to award attorney's fees against *pro se* litigants, this case presents a situation in which such an award is warranted.  First, as the Court noted in its June 9, 2008 Memorandum-Decision and Order, even accepting all of Plaintiff's allegations as true and drawing all reasonable inferences in his favor, "Plaintiff could not have reasonably believed that his employer's conduct violated Title VII . . . ."  *See* Memorandum-Decision and Order dated June 9, 2008, at 11.  Moreover, even after the Court issued its decision, which explained, in detail, why Plaintiff's claims lacked any arguable basis in fact or law, Plaintiff continued to litigate this action, by filing a motion for reconsideration which was devoid of any reason – other than Plaintiff's disagreement with the Court's decision – that justified the relief he sought.  In addition, in filing his motion for reconsideration, Plaintiff ignored Chief Judge Mordue's May 12, 2008 Order, which required him to get approval from the Chief Judge **prior to** filing any document in any case in this District.[2]  *See* Dkt. No. 33.  Under these circumstances, the Court grants Defendant's motion for an award of attorney's fees.

Defendant seeks attorney's fees in the amount of $8,799.00 for the 41.9 hours that its counsel expended on defending this action at an hourly rate of $210.00.  In his affidavit in support of this motion, Defendant's counsel states that "he has been admitted to practice in the

---

[2] This is not the first time that Plaintiff has ignored Court orders.  As Magistrate Judge Treece noted in his October 5, 2007 Report-Recommendation and Order, "[t]his Court, and we do believe we are speaking on behalf of the entire District, is confounded by La Grande's repeated inability to comply with the Federal Rules of Civil Procedure, this District's Local Rules, and countless court orders, especially after repeated warnings."  *La Grande v. Hannaford Bros.*, 1:04-CV-1020, Dkt. No. 41, Report-Recommendation and Order dated October 5, 2007, at 1.

State of New York since February, 1996, and to the Northern District of New York since shortly thereafter" and that his usual rate is between $200 and $250 per hour "depending on the complexity of the matter and the financial circumstances of the client." *See* Affidavit of Christopher Langlois, sworn to June 23, 2008, at ¶ 12.  Defendant's counsel also asserts that, although "Defendant was charged and paid an hourly rate of $250 per hour for the legal services performed in connection with this action, . . . for the purposes of this fee application, Defendant requests that a reasonable rate of $210 per hour be applied in calculating the fees to be awarded." *See id.* at ¶ 11.

Of the 41.9 hours for which Defendant seeks attorney's fees, Defendant's counsel spent thirty-seven of them defending this action, "including reviewing Plaintiff's original and amended filings, reviewing pertinent background materials and documents, researching and drafting the motion to dismiss, reviewing and responding to Plaintiff's various correspondence and 'motions' to the Court, and communicating with Defendant." *See id.* at ¶ 13.  Counsel expended the remaining four hours preparing and filing this fee application.  *See id.*

The Court has reviewed counsel's contemporaneous time records, which Defendant submitted in support of its fee application.  These records show that Defendant's counsel expended 28.7 hours preparing Defendant's papers in support of the motion to dismiss and spent an additional 1.2 hours checking on the status of that motion.  It appears to the Court that the 28.7 hours that counsel spent researching the law and preparing the memorandum of law and other papers in support of Defendant's motion to dismiss are excessive in light of the fact that the issues were neither novel nor difficult, particularly given the lack of any allegations in Plaintiff's amended complaint to support his claims.  The Court finds that, under these circumstances, it

would have been reasonable for Defendant's counsel to expend 14.35 hours on this work. In addition, the Court finds that it would not be fair to Plaintiff to require him to reimburse Defendant for the 1.2 hours that its counsel expended checking on the status of the motion. Therefore, the Court will award Defendant attorney's fees for 26.35 hours of counsel's time at $210.00 per hour, for a total of $5,533.50.

## IV. CONCLUSION

Accordingly, after reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's letter motion for an extension of time in which to file a reply memorandum in further support of his motion for reconsideration or, in the alternative, for an order striking the documents that Defendant filed on July 29, 2008, and August 8, 2008, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED AS MOOT**; and the Court further

**ORDERS** that Defendant's motion for an award of attorney's fees pursuant to 42 U.S.C. § 2000e-5(k) is **GRANTED** in the amount of **$5,533.50**; and the Court further

**ORDERS** that the Clerk of the Court shall amend the judgment to reflect this award of attorney's fees to Defendant.

**IT IS SO ORDERED.**

Dated: March 28, 2009
       Syracuse, New York

                                             Frederick J. Scullin, Jr.
                                             Senior United States District Court Judge