**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**QUENTIN LA GRANDE,**

                                **Plaintiff**,

                  v.                                          1:06-CV-467
                                                                           (FJS/DRH)

**DECRESCENTE DISTRIBUTING CO., INC.,**

                                **Defendant.**
_____

**APPEARANCES**                                       **OF COUNSEL**

**QUENTIN LA GRANDE**
Plaintiff *pro se*

**BOND, SCHOENECK & KING, PLLC**     **SANJEEVE K. DESOYZA, ESQ.**
111 Washington Avenue                        **JOHN M. BAGYI, ESQ.**
Albany, New York 12210-2280
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act, alleging racial discrimination, sexual harassment, and retaliation. Currently before the Court are Defendant's motion to dismiss, pursuant to Federal Rules of Civil Procedure 37 and 41, and Plaintiff's two motions for reconsideration of Magistrate Judge Homer's Orders dated April 6, 2011, and April 29, 2011, respectively.

**II. BACKGROUND**

Plaintiff commenced the instant action by filing a complaint on April 14, 2006. *See* Dkt. No. 1, Complaint. Plaintiff filed an amended complaint on July 17, 2006. *See* Dkt. No. 4, Amended Complaint. Defendant moved to dismiss the amended complaint on February 20, 2007. *See* Dkt. No. 14, Motion to Dismiss. The Court granted Defendant's motion to dismiss on June 9, 2008. On March 23, 2010, the Second Circuit affirmed the dismissal in part, vacated in part, and remanded this matter to the Court. *See* Order dated March 23, 2010.

Upon remand, the parties could not work together to develop a case management plan, and Plaintiff's refusal to discuss this case with Defendant's counsel emerged as the theme of the discovery process. Defendant's counsel wrote to Plaintiff on multiple occasions to try to arrange a conference regarding the plan; but Plaintiff refused to do so, instead demanding that Defendant settle this case. *See* Dkt. No. 78, Motion to dismiss and Exhibit "K" attached thereto, email correspondence. When Defendant's counsel attempted to call Plaintiff at a mutually agreed-upon time to discuss the preparation of a plan, Plaintiff did not answer the phone. *See* Dkt. No. 78,

Exhibit "1" attached thereto, Affirmation of Sanjeeve K. DeSyoyza ("DeSoyza Aff."), at ¶ 19.

Due to Plaintiff's unresponsiveness, Defendant filed a proposed plan on its behalf only. *See* DeSoyza Aff. at ¶¶ 24-25 & Exhibits "S" and "T" attached thereto. Plaintiff and Defendant's counsel attended a conference with the Court on August 18, 2010. *See* DeSoyza Aff. at ¶ 27. At the conference, the Court reminded Plaintiff of his obligations to respond to discovery demands and appear for depositions. *See id*. Plaintiff responded that he understood and would comply with his obligations. *See id*.

After the conference, the refusal to comply with discovery demands and the repeated requests for time extensions characterized Plaintiff's behavior. *See* DeSoyza Aff. at ¶¶ 29-33 & Exhibits "X," "Y," "Z," and "AA" attached thereto. Plaintiff also moved to disqualify Defendant's counsel's firm; for leave to file an amended complaint; for leave to add additional parties; and subpoenas for the records of two law enforcement agencies. *See id*. The Court denied all of Plaintiff's motions except for his request for additional time. *See id*. at ¶ 35 & Exhibit "CC" attached thereto.[1]

During a conference on November 22, 2010, Plaintiff asked for another stay of proceedings, this time for medical reasons. *See id*. at ¶ 40. When Plaintiff could not provide confirmation from a health care provider, the Court denied Plaintiff's request to stay proceedings. *See id*. The Court further ordered Plaintiff to submit his discovery responses by December 15, 2010. *See id*. & Exhibit "GG" attached thereto. Plaintiff has yet to file a response.

---

[1] On November 8, 2010, Plaintiff moved for reconsideration of the denial of the September 30 motions. *See* DeSoyza Aff. at ¶ 36 & Exhibit "DD" attached thereto. The Court denied this motion on November 12, 2010. *See id*. & Exhibit "FF" attached thereto.

# III. DISCUSSION

**A.     Defendant's motion to dismiss**

### *1. Governing federal rules*

Federal Rule of Civil Procedure 37(b) states that where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dismiss[] the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(b).  Federal Rule of Civil Procedure 41(b) sets forth that, where a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action."  Fed. R. Civ. P. 41(b).

### *2. Five considerations for failure to prosecute*

The Second Circuit has identified five considerations for courts determining whether to dismiss a case for failure to prosecute:

> (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.

*In re Air Crash Disaster off Coast of Nantucket Island, Mass. on Oct. 31, 1999*, No. MD-00-1344, 2010 WL 1221401, *7 (E.D.N.Y. Mar. 29, 2010) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004)).

Not all of these items must be present for a case to warrant dismissal, *see id*., but they do "apply regardless of whether plaintiff is proceeding *pro se* or is represented by counsel."  *Smalls v. Bank of N.Y.*, No. 05 Civ. 8474, 2008 WL 1883998, *3 (S.D.N.Y. Apr. 29, 2008) (citation omitted).

### *a. Delay*

Courts conduct a two-part inquiry regarding delay: (1) whether the plaintiff's failure to prosecute was willful and (2) whether it caused significant delays. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (citation omitted). There is no "magic number" for the amount of time that constitutes a significant delay. *See Copeland v. Rosen*, 194 F.R.D. 127, 132 (S.D.N.Y. 2000).[2]

In the instant matter, Plaintiff is at fault for failing to prosecute. Plaintiff repeatedly refused to cooperate with Defendant's counsel regarding the creation of a case management plan. Instead of conferring with Defendant's counsel, Plaintiff merely repeated his demand that Defendant settle the case. After the Court informed Plaintiff of his obligation to respond to discovery demands, Plaintiff steadfastly refused to cooperate in discovery. Plaintiff repeatedly asked for and received extensions of time to submit his discovery answers; but, as each deadline approached, he asked for more time. *See* DeSoyza Aff. at ¶¶ 30-31, 33, 40 & Exhibits "Y" and "AA" attached thereto. Plaintiff's delay tactics included requesting time to celebrate his birthday and requesting an emergency stay of proceedings for a medical situation which he could not corroborate with a physician's opinion. *See id*. at ¶¶ 31, 40. In addition, Plaintiff made several frivolous motions, such as a motion to disqualify Defendant's attorney's firm, a motion for leave to file an amended complaint, and a motion for leave to add additional parties. *See* Dkt. No. 69, Pltf. Letter Motion dated Sept. 30, 2010. Finally, Plaintiff has refused to participate in the litigation process by not making himself available for the agreed-upon phone conference regarding the civil case management plan, by refusing service of a

---

[2] However, Local Rule 41.2(a) provides that, "[i]n the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Local Rule 41.2(a)

proposed case management plan and by refusing service of Defendant's discovery demands. *See* DeSoyza Aff. at ¶¶ 19, 26, 34, & Exhibits "U," "V," and "BB" attached thereto. Plaintiff has yet to respond to Defendant's discovery demands.

As to the significance of the delay, Plaintiff's actions caused a delay of at least four months, from mid-September of 2010, the original date on which he should have responded to the discovery demands, through mid-December of 2010, Plaintiff's most recent submission deadline. Courts have found that the length of the delay caused by Plaintiff's failure to prosecute "is of limited significance where a party deliberately disobeys court orders." *Feurtado v. City of N.Y.*, 225 F.R.D. 474, 478 (S.D.N.Y. 2004) (citing *Peart v. City of N.Y.*, 992 F.2d 458, 461 (2d Cir. 1993)). In such cases, "the impetus for dismissal derives from the wilfulness of the party's actions rather than the time period that has elapsed as a result of those actions." *Id.* As a consequence, courts have dismissed actions for failure to prosecute for delays as short as ten days. *See Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1983); *see also Deptola v. Doe*, No. 04-CV-1379, 2005 WL 2483341, *2 (E.D.N.Y. Oct. 7, 2005) (dismissing a case for failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling conference).

Plaintiff is the source of delay in this case, and this delay is significant enough to warrant dismissal. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### *b. Notice*

The Second Circuit mandates that a plaintiff receive adequate notice that the trial court may dismiss his case for failure to prosecute. *See Martens v. Thomann*, 273 F.3d 159, 181 (2d Cir.

2001). However, a plaintiff receives constructive notice of this fact as soon as a court orders him to meet his obligations. *See Smalls*, 2008 WL 1883998, at *4. In addition, courts have found that the filing of a motion to dismiss for failure to prosecute provides the necessary notice. *See Lopez v. Catholic Charities of Archdiocese of N.Y.*, No. 00 Civ. 1247, 2001 WL 50896, *4 (S.D.N.Y. Jan. 22, 2001) (collecting cases).

Here, the Court has given Plaintiff more than adequate notice of the consequences of his failure to participate in the litigation process. At the August 18, 2010 conference, the Court alerted Plaintiff to his obligations to participate in the discovery phase of the case. Plaintiff stated that he would comply with the discovery process, but he has not done so. Further, the Court has twice ordered Plaintiff to produce responses to Defendant's discovery demands; Plaintiff has ignored these orders. Specifically, the November 24, 2010 Order put Plaintiff on express notice that, if he failed to participate in discovery, Defendant could seek sanctions without the need for a pre-motion conference. *See* Dkt. No. 77, Order dated November 24, 2010. Plaintiff has ignored each admonition from the Court to prosecute his case, often responding with requests for more time. Given Plaintiff's unwillingness to participate in discovery, the Court finds that this factor weighs in favor of dismissal.

### *c. Prejudice to Defendant*

Where there has been unreasonable delay in prosecuting a case, courts may presume prejudice as a matter of law. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (quotation omitted). Moreover, courts have also found prejudice to a defendant where an extended gap of time exists between the events in question and the time of a potential trial. *See Hunte v.*

*Anders*, No. 3:05cv1017, 2009 WL 3273291, *4 (D. Conn. Oct. 8, 2009) (finding prejudice where, "because the incident at issue . . . took place seven years ago, 'trial of this case becomes more difficult as time goes by'" (quotation omitted)).

Here, the events that form the basis of Plaintiff's complaint occurred at least seven years ago, between November 24, 2003, and July 4, 2004. *See* Amended Complaint at ¶¶ 1-11. Such a delay will only make it more difficult for Defendant to defend this case. With the passage of time, witnesses may no longer be available to testify or to recall important events and pertinent records may have been lost or expunged. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### *d. Due process*

When addressing a motion to dismiss for failure to prosecute, courts must balance the congestion of its docket against the plaintiff's right to due process. *See Pichardo v. N.Y. Univ.*, No. 07 Civ. 6034, 2008 WL 4778351, *5 (S.D.N.Y. Oct. 31, 2008) (citation omitted). Moreover, where a plaintiff's lack of prosecutorial effort causes the potential for dismissal, "there can be no assertion by plaintiff[] that the dismissal of [the] action denies [him his] right to due process and a fair opportunity to be heard." *Lukensow v. Harley Cars of N.Y.*, 124 F.R.D. 64, 67 (S.D.N.Y. 1989); *see also Benson v. Dep't of Health & Human Servs.*, 104 F.3d 352, 1996 WL 673758, *2 (2d Cir. Nov. 21, 1996) (finding that a plaintiff's due process rights are not violated where he attempts to gain the benefit of delay while using this delay to simultaneously deprive his adversary of the ability to adequately prepare a defense). Courts are also more likely to find that a plaintiff has not been deprived of his right to due process where the plaintiff submitted "irrelevant or obstructionist

-8-

filings." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001).[3] Here, Plaintiff's lack of prosecutorial effort is the cause of the pending motion. Plaintiff wilfully refused to participate in the development of a case management plan and spent four months requesting deadline extensions rather than comply with Defendant's discovery demands, even though the Court had informed him of his obligation to participate in discovery. Moreover, Plaintiff submitted irrelevant filings as contemplated by *LeSane*. At a time when he should have been answering discovery demands, Plaintiff moved to disqualify Defendant's counsel's firm; moved for leave to file an amended complaint and to add additional parties; and requested subpoenas for the records of two law enforcement agencies. When the Court denied these motions, Plaintiff moved for reconsideration. Accordingly, the Court finds that this factor weighs in favor of dismissal.

### *e. Efficacy of lesser sanctions*

The Second Circuit has held that district courts must consider whether lesser sanctions would remedy any prejudice that the plaintiff's inaction caused. *See U.S. ex rel. Drake*, 375 F.3d at 257. In the usual course, where a plaintiff fails to respond to communications from a district court, it is "unclear that a 'lesser sanction' would . . . prove[] effective[.]" *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008); *see also Antonio v. Beckford*, No. 05-CV-2225, 2006 WL 2819598, *4 (S.D.N.Y. Sept. 29, 2006) (dismissing case where the plaintiff failed to comply with court orders (citations omitted)).

---

[3] It is also significant to note that Local Rule 41.2(a) may require the Court to dismiss a case or impose sanctions when it finds that a failure to prosecute. *See* Local Rule 41.2(a) (stating that, "[w]henever it appears that the plaintiff has failed to prosecute an action or proceeding, the assigned judge shall order it dismissed").

In the instant matter, despite explicit warning from the Court regarding his obligations to comply with discovery, Plaintiff has not done so. He has repeatedly asked the Court for more time to act, but he has shown no indication that he intends to prosecute this case.

Moreover, Plaintiff's unwillingness to act supports his reputation as an infamous *pro se* litigant in this District. Since 1999, Plaintiff has commenced ten actions in this District;[4] all of these actions have been dismissed. Plaintiff's history of burdensome litigation ultimately resulted in the issuance of an injunction precluding Plaintiff from commencing any further *pro se* actions in this District without leave of the court. In the Injunction Order, Chief Judge Mordue found that "LaGrande is a litigator who routinely disregards court orders and whose conduct can only be

---

[4] These actions are

1. *LaGrande v. Key Bank Nat'l*, 1:00-CV-1195 (Defendants' motion for summary judgment granted)
2. *LaGrande v. Leonard*, 5:00-CV-1300 (consolidated with *LaGrande v. Key Bank Nat'l, et al.*)
3. *LaGrande v. Bestemp Select, Inc.*, 1:03-CV-1276 (dismissed for Plaintiff's failure to comply with court order)
4. *LaGrande v. Adecco*, 1:03-CV-1453 (dismissed for Plaintiff's failure to comply with court orders)
5. *LaGrande v. Empire Blue Cross & Blue Shield*, 1:04-CV-373 (dismissed for Plaintiff's failure to file an amended complaint in compliance with the Fed. R. Civ. P. and the court's orders)
6. *LaGrande v. Anderson*, 1:04-CV-1020 (dismissed for Plaintiff's failure to prosecute)
7. *LaGrande v. Bond, Schoeneck & King*, 1:07-CV-364 (dismissed for failure to state a claim upon which relief can be granted)
8. *LaGrande v. Albany Police Dep't*, 1:07-CV-757 (dismissed for Plaintiff's failure to prosecute)
9. *LaGrande v. Town of Bethlehem Police Dep't*, 1:08-CV-738 (dismissed for failure to state a cause of action)
10. *LaGrande v. Lowe's Home Improvement*, 1:10-MC-0003 (Plaintiff's motion for leave to file denied)

curbed by the imposition of severe sanctions."[5]  *See LaGrande v. Anderson*, No. 1:04-CV-1020, Dkt. No. 54, Injunction Order dated May 12, 2008, at 2.

Plaintiff's actions indicate that lesser sanctions will not serve to discourage his behavior. Accordingly, the Court finds that this factor weighs in favor of dismissal.

In sum, all five factors weigh in favor of dismissal; and, as a consequence, the Court grants Defendant's motion to dismiss.

### B. Plaintiff's April 6, 2011 motion for reconsideration

On March 30, 2010, Plaintiff moved for an extension of time to respond to Defendant's motion to dismiss. *See* Dkt. No. 88, Motion dated March 30, 2011.  Plaintiff stated that he needed additional time to procure counsel. *See id*. As part of this motion, Plaintiff requested that the Court appoint counsel for him. *See id*. Magistrate Judge Homer denied Plaintiff's motion in a text order dated March 30, 2011, citing the Court's Order of February 4, 2011, that it would not grant any further extensions of the deadline to respond to Defendant's motion to dismiss. *See* Text Order dated March 30, 2011. Plaintiff appealed on April 6, 2010. *See* Dkt. No. 90, Appeal.

---

[5] Chief Judge Mordue further reasoned that

> (1) [Plaintiff] has a long history of vexatious and harassing litigation in this District; (2) [Plaintiff's] lawsuits are typically characterized by unfounded claims of discrimination upon which he has no good faith expectation of prevailing;  (3) [Plaintiff's] baseless complaints have occasioned a tremendous waste of time and resources, particularly in those cases where [Plaintiff] has ignored deadlines and failed to diligently pursue his claims; and (4) [Plaintiff's] cavalier disregard for court directives and orders renders any lesser sanction inadequate.

*See LaGrande*, No. 1:04-CV-1020, Dkt. No. 54 at 2-3 (footnote omitted).

Plaintiff's motion for reconsideration contains the same arguments as his March 30, 2011 motion for extension of time. Accordingly, the Court denies this motion for an extension of time.

### C. Plaintiff's April 29, 2011 motion for reconsideration

Plaintiff moved for a change of venue to the Southern District of New York on April 25, 2011, stating his belief that this District would not handle his case fairly. He also asked for an emergency stay. In an Order dated April 27, 2011, Magistrate Judge Homer denied Plaintiff's motion, reasoning that Plaintiff did not provide any basis for the relief sought. Plaintiff presents no new arguments here, merely realleging the perceived biases that the District in general and Magistrate Judge Homer in particular hold against him. Accordingly, the Court denies this motion; and, to the extent that it asks for an emergency stay, the Court denies that, as well, in light of Judge Homer's February 4, 2011 Order prohibiting further extensions of time.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss Plaintiff's complaint is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration of Magistrate Judge Homer's April 6, 2011 Order is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion for reconsideration of Magistrate Judge Homer's April 29, 2011 Order is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: August 24, 2011
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge